IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ERIC LENARD GOODMAN,**

    **Petitioner,**

v.                        **CRIMINAL ACTION NO.: 2:11cr145**
                                 **CIVIL ACTION NO.: 2:14cv288**

**UNITED STATES OF AMERICA,**

    **Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is a Motion submitted pursuant to Title 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Petition") filed by Eric Lenard Goodman ("Petitioner"). Having thoroughly reviewed the parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Petitioner's § 2255 Petition is **DISMISSED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was indicted on August 18, 2011, and charged with one count of Conspiracy to Interfere with Commerce by means of Robbery, in violation of 18 U.S.C. § 1951(a), four counts of Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a), and four counts of Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924 (c)(1)(A)(ii).

On November 16, 2011, Petitioner pleaded guilty to Counts Three and Eleven of the Indictment. Both counts charged Petitioner with Use of a Firearm During a Crime of Violence. On February 29, 2012, the Court determined that the applicable Guidelines range was 384

months to life and sentenced Petitioner to eighty-four (84) months imprisonment on Count Three to be served consecutively to a sentence of three hundred (300) months imprisonment on Count Eleven. The remaining seven counts of the Indictment were dismissed at sentencing upon a motion by the United States.

On June 16, 2014, Petitioner, acting *pro se*, filed the instant § 2255 Petition. ECF No. 90. On July 18, 2014, the Government filed its Response, ECF No. 92, and on August 8, 2014, Petitioner filed his Reply, ECF No. 93.

In his § 2255 Petition, Petitioner raises four grounds for relief. First, he alleges that his counsel was constitutionally ineffective because Petitioner was "misinformed" about potential sentences that could result from his guilty plea. Second, Petitioner contends that his sentencing violated the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because he was sentenced "with facts that weren't found to be true or listed in the Indictment...." Third, Petitioner argues that the Court erred in not using the "modified categorical approach held in *Descamps v. United States*, 133 S. Ct. 2276 (2013)." Finally, Petitioner submits that he received constitutionally ineffective assistance of counsel when his attorney failed to file a timely Notice of Appeal after being specifically instructed to do so by Petitioner.

The Government argues that the Petition is time-barred because it was filed more than a year after the one-year period of limitation to file a § 2255 Petition. In the alternative, the Government argues that Petitioner has failed to show his counsel's representation fell below the objective standard of reasonableness as articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), and that neither *Alleyne v. United States*, nor *Descamps v. United States* would provide Petitioner the relief he now seeks.

2

## II. LEGAL STANDARDS

### A. Section 2255 Generally

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978) (providing that a *pro se* petitioner is entitled to have his petition construed liberally and is held to less stringent standards than an attorney drafting such a complaint). When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Ineffective assistance of counsel claims,

however, should generally be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

## B. Timeliness of Section 2255 Motions

In 1996, Congress amended the law governing § 2255 motions as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* Pub. L. No. 104-132, Title I, § 105, 110 Stat. 1220. Title 28, United States Code § 2255 now provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (2004). To determine whether Petitioner has timely filed his motion, the Court must measure one year from the most recent date provided by § 2255 subsections (1) through (4).

## III. DISCUSSION

The Government urges the Court to dismiss the Motion as time-barred pursuant to 28 U.S.C. § 2255(f) because Petitioner failed to file within one year of this Court's judgment. ECF No. 92 at 5-6. Petitioner argues in his Reply that the statute of limitations should be tolled

4

pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Whether the Motion was timely filed depends on whether it is appropriate to toll the statute of limitations.

The one-year period of limitations for § 2255 motions runs from the latest of (1) the date on which the judgment of conviction became final, (2) the date on which a Government-created impediment to filing the motion is removed, (3) the date on which a new right created by the Supreme Court is recognized as retroactively applicable on collateral review, or (4) the date on which facts supporting the claim or claims presented could have been discovered by due diligence. 28 U.S.C § 2255(f). Having considered the four subparts to § 2255(f), the Court finds no reason to toll the statute of limitations. This Court entered judgment on March 5, 2012. ECF No. 68. Petitioner has never appealed. ECF No. 90. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held that a judgment of conviction becomes final on the date that a defendant declines to pursue further appellate review. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Accordingly, Petitioner's judgment of conviction became final on March 5, 2012. Petitioner has not claimed that Government action impeded his ability to file this petition (pursuant to § 2255 (f)(2)) or that there are any additional facts that could have been discovered by due diligence on a date later than the one-year period of limitations (pursuant to § 2255 (f)(4)). Therefore, unless Petitioner demonstrates that his claim arises under a right newly created by the Supreme Court, and that the right is retroactively applicable to cases on collateral review, this Court must find that the deadline for filing this Motion was one year after March 5, 2012.

Petitioner argues that the Court should toll the statute of limitations pursuant to § 2255(f)(3) and *Alleyne*. However, Petitioner has not established that the Supreme Court's decision in *Alleyne* is an intervening change in controlling law. *Alleyne* has not been made

retroactively applicable to sentences on collateral review that were imposed before the Supreme Court's decision. *United States v. Stewart*, 2013 WL 5397401, at *1 n.* (4th Cir. Sept. 27, 2013).[1] *Alleyne* also does not provide relief where a sentence was based on facts acknowledged by the defendant at the time of the guilty plea and not based on judicial fact-finding of crime elements altering the range of sentences to which a defendant was exposed. *Alleyne*, 133 S.Ct. at 2158.

The Court therefore finds that the statute of limitations in this matter is controlled by 28 U.S.C. § 2255 (f)(1). Accordingly, Petitioner's deadline for filing a § 2255 Petition was one year after his conviction became final on March 2, 2012. The instant Motion was made on June 16, 2014, more than one year and three months after the deadline. For that reason, the Motion was untimely under the AEDPA and must be **DISMISSED**.

## IV. CONCLUSION

Applying subsection (1) of § 2255, Petitioner's time to file a § 2255 claim expired on March 5, 2013, and the instant motion is untimely. Accordingly, the Petitioner's Motion to Vacate, Set Aside or Correct his Sentence is **DISMISSED**.

In addition, the Court **DIRECTS** the Clerk to send a copy of this Order to Petitioner and to the United States Attorney.

---

[1] Additionally, every other court of appeals to consider the issue has held that the Supreme Court has not made *Alleyne* retroactively applicable to sentences on collateral review. *See In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013); *In re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1286 (11th Cir. 2014); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 92 (2d Cir. 2013); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013).

The Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 30, 2014

/s/
Raymond A. Jackson
United States District Judge