IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



ERIC LENARD GOODMAN,

        Petitioner,

v.                                             CRIMINAL ACTION NO. 2:11-CR-145

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Eric Lenard Goodman's ("Petitioner") *Motion for Compassionate Release*[1] ("Motion") pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 148, 160. For the reasons stated below, Petitioner's Motion is **GRANTED** in part and **DENIED** in part.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 18, 2011, Petitioner was named in a thirteen-count criminal indictment for conduct associated with armed robberies throughout the Eastern District of Virginia. ECF No. 20. From January through April 2011, Petitioner and various co-defendants committed several armed robberies at businesses in the cities of Chesapeake, Norfolk, and Portsmouth, Virginia. ECF No. 151. Petitioner ultimately pleaded guilty to Counts 3 and 11 of the indictment. ECF No. 43. Counts 3 and 11 each charged Petitioner with Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(C). *Id.*

On March 5, 2012, the Court sentenced Petitioner to a cumulative term of 384 months. ECF No. 68. Specifically, Petitioner received a sentence of EIGHTY-FOUR (84) MONTHS on Count 3, and THREE HUNDRED (300) MONTHS on Count 11, to be served **consecutive to**

---

[1] Petitioner's Motion consists of both a motion for compassionate release based upon the COVID-19 pandemic and motion for a sentence reduction based upon Petitioner's "stacked" § 924(c)(1)(A) charges.

**Count 3.**

On December 22, 2020 Petitioner filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 148. On December 23, 2020, the Court appointed counsel for Petitioner and ordered the appropriate responses. ECF No. 150. On February 10, 2021, Petitioner, through counsel, supplemented his Motion to contain two requests for relief under § 3582. ECF No. 160. First, Petitioner requests a sentence reduction based upon the United States Court of Appeals for the Fourth Circuit's ("Fourth Circuit") opinion in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). The *McCoy* Court reviewed similar § 3582 motions based upon "stacked" § 924(c)(1)(A) charges. In that case, four defendants were granted sentence reductions by their respective district courts. *Id.* The Fourth Circuit affirmed each district courts' reduction. *Id.*

Second, Petitioner requests relief from his sentence based upon the impact of the ongoing COVID-19 pandemic. ECF No. 160. On February 10, 2021, the Government filed a response in opposition to Petitioner's Motion. ECF No. 162. Petitioner did not file a reply. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

Relevant to the issue of compassionate release, the text of 18 U.S.C. § 3582(c)(1)(A), as amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("FIRST STEP Act"), provides:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment [] after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction;

> or
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, [etc.].

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, § 3582(c)(1)(A) allows a district court to reduce a sentence upon a petitioner's motion with the following findings: (1) a reduction is supported by the application of the § 3553(a) factors; (2) the petitioner has achieved compliance with the 30 day exhaustion requirement, absent circumstances justifying its waiver; (3) the petitioner has made a demonstration satisfying the requirements of either § 3582 (c)(1)(A)(i) or § 3582 (c)(1)(A)(ii); and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

Section 3582 (c)(1)(A)(i)'s "extraordinary and compelling reasons" were previously described by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances. U.S.S.G. §1B1.13, n. 1 (A)–(C). Additionally, the Sentencing Commission further defined the limits under which a sentence reduction may be given under those justifications. *Id.* The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following passage of the FIRST STEP Act,

3

which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 981 F.3d 271 (4th Cir. 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A).

### III. DISCUSSION

Petitioner requests either a sentence reduction or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 160. Petitioner's Motion outlines two distinct reasons for relief which will require two separate analyses. First, Petitioner requests a sentence reduction based upon the FIRST STEP Act's impact on the former practice of "stacking" multiple convictions under 18 U.S.C. § 924(c)(1)(A). Second, Petitioner requests compassionate release based upon the ongoing COVID-19 pandemic.

As an initial matter, relevant to both § 3582 analyses, Petitioner submitted a request for compassionate release to the Bureau of Prisons on November 17, 2020. ECF No. 160 at 1. Thirty days have lapsed since Petitioner's request. *Id.* Accordingly, § 3582's exhaustion requirement is satisfied.

4

The Court must now examine (1) the relevant § 3553(a) factors, and (2) whether, in light of the § 3553(a) factors, Petitioner presents an extraordinary and compelling reason for relief under each of his § 3582(c) theories. The Court will assess each of Petitioner's arguments in turn.

### A. Petitioner's request for a sentence reduction based upon "stacked" § 924(c) charges

In considering a term of imprisonment, courts must comply with 18 U.S.C. § 3553(a), which enumerates several factors designed to create a sentence that is "sufficient but not greater than necessary." The FIRST STEP Act discontinued the former practice of "stacking" multiple convictions under 18 U.S.C. § 924(c)(1)(A) for firearms violations during a crime of violence before a prior conviction under the same subsection became final. *See* 18 U.S.C. § 924(c)(1)(C) (requiring a prior conviction under § 924(c)(1)(A) to be final before a defendant may be sentenced to a mandatory minimum of 25 years for a subsequent violation). Accordingly, there exists an inherent disparity between individuals sentenced pursuant to § 924(c)(1)(C) for multiple firearm offenses within the same indictment prior to the FIRST STEP Act and individuals sentenced for multiple violations of § 924(c)(1)(A) in the same indictment after enactment of the new law.

In this case, Petitioner pleaded guilty to two violations of § 924(c)(1)(A) for twice brandishing a firearm during the commission of two crimes of violence within the same indictment. ECF Nos. 43, 44. Petitioner's prior criminal history was limited to traffic-related infractions, and no one was physically harmed during the underlying offenses. ECF No. 151. Nonetheless, Petitioner's stacked gun convictions yielded a total mandatory term of 384 months for Counts 3 and 11. *Id.* If Petitioner were sentenced today, Petitioner would be subjected to a total mandatory minimum of 168 months on Counts 3 and 11, with a total *advisory* guidelines range of 205–214 months. *See United States v. Booker*, 543 U.S. 220 (2005) (holding the Sentencing Guidelines advisory, rather than mandatory). Accordingly, today, Petitioner would likely be subjected to less than half of the mandatory term that was imposed in his original sentence.

5

At the time of Petitioner's original sentencing, application of the former mandatory minimums created a sentence that was far greater than necessary to fulfill the § 3553(a) factors. *See United States v. Brown,* 411 F. Supp. 3d 446, 453 (S.D. Iowa Oct. 8, 2019) (noting that "stacked" § 924(c) counts under the former law created sentences "far greater than was necessary to achieve the ends of justice"). Upon review, a reduction in Petitioner's sentence on Count 11 to a term of 84 months, consecutive to Count 3, is consistent with the § 3553(a) factors, especially § 3553(a)(2)(A) ("the need for the sentence imposed...to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and § 3553(a)(6) ("the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct"); *see also United States v. Urkevich,* 2019 WL 6037391, at *2 (D. Neb. Nov. 14, 2019) (reducing three "stacked" firearm counts from 660 months to 180 months because the petitioner's former sentence was 40 years longer than the sentence he would have likely received under current law). Here, a disparity of over 200 months between Petitioner's stacked sentences and a similarly situated defendant whose mandatory minimum sentences are not stacked creates a disparity concerning the § 3553(a) factors, which requires just punishment for the relevant offenses. *See* § 3553(a)(2)(A).

In addition to the legal disparity between individuals sentenced before and after elimination of the "stacking" provision, Petitioner has taken part in rehabilitation during his time in federal prison. He completed drug education and treatment programs in addition to multiple inmate educational courses. ECF No. 160 at 5. Before the COVID-19 pandemic, Petitioner was also enrolled in classes to obtain his GED. *Id.* Moreover, Petitioner was first incarcerated for the underlying offenses at the age of 23. *Id.* at 2. Petitioner is now 32 years old and his actions while incarcerated demonstrate that he has matured since his involvement in these crimes at age 22.

In sum, the Court finds that Petitioner has demonstrated extraordinary and compelling

6

reasons that merit a sentence reduction on Count 11. The structural disparity between § 924(c) defendants sentenced to stacked terms, as well as an individualized application of the § 3553(a) factors, support a sentence reduction. While the foregoing factors may not independently support a reduction, in combination, Petitioner has established extraordinary and compelling reasons for a sentence reduction. Accordingly, the Court will reduce Petitioner's sentence on Count 11 to a term of 84 months, to be served consecutive to his sentence of 84 months on Count 3. Therefore, Petitioner's total sentence is reduced to a cumulative term of 168 months.

**B. Petitioner's request for a compassionate release based upon the COVID-19 pandemic**

1. *Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court incorporates the factors within Section III.A of this Memorandum Opinion and Order. The Court also notes that Petitioner's offense conduct is much more serious than the title of his offense of conviction. While Petitioner pled guilty to only two armed robberies, the Presentence Investigation Report states that from January through April 2011, Petitioner and various co-defendants committed seven armed robberies at businesses in the cities of Chesapeake, Norfolk, and Portsmouth, Virginia. ECF Nos. 151 at 5-6. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense...and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B).

To date, Petitioner has served approximately 10 years (120 months) imprisonment for the underlying offenses. The Court recognizes that Petitioner has taken part in rehabilitation during his time in federal prison. He completed drug education and treatment programs in addition to multiple inmate educational courses. ECF No. 160 at 5. Before the COVID-19 pandemic, Petitioner was also enrolled in classes to obtain his GED. *Id.* However, after full consideration of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence remain

unfulfilled.[2]

### 2. *Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for release has been established based upon the COVID-19 pandemic, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). While prisoners across the country are beginning to obtain a vaccine, many have yet to obtain one. Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner proffers his alleged chronic kidney disease as an underlying condition that may exacerbate a potential COVID-19 infection. ECF No. 160. The CDC does indicate that having chronic kidney disease "can make you more likely to get severely ill from COVID-19."[3] However, upon review of Petitioner's medical records, Petitioner does not appear to have a chronic kidney disease diagnosis. ECF No. 161. Instead, Petitioner has one kidney as a result of having donated that kidney to his mother prior to incarceration. ECF No. 151 at 41. Petitioner's medical records do indicate that Petitioner has undergone various urinalyses and other kidney related examinations; however, despite Petitioner's ailments, the Court is unable to conclude that Petitioner is particularly vulnerable to COVID-19 as there is no chronic kidney disease diagnosis.

---

[2] The Court notes that Petitioner's § 3553(a) factors warrant a reduction in Petitioner's sentence with respect to the length of Petitioner's term of imprisonment on Count 11. Upon a balancing of the factors, they do not, however, warrant compassionate release from imprisonment altogether.

[3] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

While the world continues to grapple with the pandemic, it is imperative to note that many persons who are incarcerated suffer from a variety of ailments that may make them susceptible to severe illness from a COVID-19 diagnosis. As the Court continues to exercise its discretion in releasing the most vulnerable inmates in light of the pandemic, the Court declines to release inmates who lack a significant showing of potential fatality from a COVID-19 diagnosis. Based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for a sentence reduction is **GRANTED** and the motion for compassionate release is **DENIED**. The Court hereby sentences Petitioner to a term of **ONE-HUNDRED AND SIXTY-EIGHT MONTHS, consisting of EIGHTY- FOUR MONTHS on Count 3 and EIGHTY-FOUR (84) MONTHS on Count 11, with Count 11 to be served consecutive to Count 3.** Thereafter, upon release from the Bureau of Prisons Petitioner shall serve a term of supervised release as ordered in his criminal judgment.

The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 22, 2021

UNITED STATES DISTRICT JUDGE

9